## CHICAGO & ALTON RAILROAD COMPANY
### · V.
## THOMAS RILEY.

*Railroads—Diversion of Water—Liability for Damages—Statute of Limitations—Instructions.*

1. Where a railroad company diverts the flow of surface water from its natural channel, and conducts it through a ditch it has made along its right of way to a point where it overflows the lands of another, the company is liable for the resulting damages.

2. The Statute of Limitations does not bar a claim for such damages, based upon the continuing injury for five years immediately preceding the commencement of the suit, although the railroad and ditch were constructed and dug more than five years prior to that time.

[ Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

In connection with this case see the preceding and related case of the Chicago & Alton Railroad Company v. Connors.

Messrs. BROWN & KIRBY, for appellant.

Mr. R. M. WING, for appellee.

LACEY, J.   This case, in its general propositions and facts and in reference to the wrongful acts of appellants in regard to the railroad embankment and ditch and the flooding appellee's land, is identical with the case of the appellant v. Connors, *ante*, p. 561, and the appellants v. Glenney, decided by this court at a former term and reported in 19 Ill. App. 639, and again in 118 Ill. 487, which several cases and opinions are referred to for the facts, as well as the opinion of this court in the case v. Connors, for our reasons for our conclusions in this case. The recovery in this case was $500.

The law in regard to the liability of the railroad company for flooding the appellee's land as stated in the Connors case applies equally well in this case, and we refer to our opinion in that case for our views thereon.   Appellee is the owner of the southeast quarter of the same section in which is located the respective lands of Connors and Glenney, and the appellant's railroad runs through his land in a diagonal direction from the southwest corner to the northeast corner.

The fact that the appellant's road runs over appellee's land does not in the least change the principle of the liability of appellant as announced in the Connors case.   As to the point made that the Statute of Limitations has run, our views expressed in the Connors case will apply here, except we find no instruction given on the part of appellant admitting its liability within five years immediately preceding the commencement of this suit, but this same question was not raised in the court below.   Also in this case there was no question for damages on account of injury to the salable value of the land; the only claim is for the continuing injury for five years immediately preceding the commencement of this suit.

As to the instructions of appellant offered and refused, no discussion is had of them by appellant's counsel, and we think they were properly refused, as the jury had been fully instructed as to appellant's rights and liabilities.

Seeing no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*